Judoe Simpson
delivered the opinion of the Court.
In a suit in chancery which had been instituted -in the Warren Circuit Court, by Elrod against McFaddin and others, and in which a priority of lien on the lands of McFaddin was claimed by Vanmeter, and also by Briggs and others, as mortgagees, a decree was rendered postponing, to a considerable extent, the lien of Van-meter to that of the mortgagees, and directing a sale of the land, and a disposition of the proceeds according to the provisions of the decree. That decree wasafterwards reversed, upon a writ of error prosecuted by Vanmeter: (see opinion, 8 B. Monroe, 435.)
After the decree, Vanmeter having filed the opinion and mandate of this Court, obtained a rule against the President, Directors and Company of the Bank of Kentucky and Robert J. Foster, who were not parties to the suit previously, requiring them to show cause, on the third day of the next term of the Court, why restitution of the proceeds of the sale of the land, made by the Commissioner under and by virtue of the decree of *67 the Circuit .Court, which had been reversed, and which proceeds had been received by them, should not be made, and the same be paid over to the plaintiff in the motion. He also,’at the same time, obtained another rule against the same parties returnable on the same day, to show cause why the sale by the Commissioner, and the purchase of the land by the defendants in the motion, should not be set aside and vacated, and a resale ordered.
He subsequently filed, in the cause, a petition which he called a supplemental bill, and to which he made the Bank of Kentucky and Foster defendants. In it'jhe set’ forth, in detail, the previous proceedings in thp sui-t 'in chancery, and alleges that he Ká,d .prayed' an appeal, from the decree in the. Circuit Court; that the Court, had .allowed him for-ty days to execute an appeal bond; and that .the Commissioner, appointed in" the decreé to execute if, had, within the forty days allowed by the Court ' far. the execution of. the appeal bond, sold the land, reported th'e sale to the Court, which was confirmed, and a deed of conveyance executed to the. pui’chaser. He .also stated, that he had failed to execute the appeal ’ bond, but afterwards' prosecuted a writ of error and reversed the decree. He insisted that the sale having been made within the time allowed for the execution of the appeal bond, was void, as having been made without authority, and prayed that it might be set aside and a re-sale of the land decreed. He further stated that the Bank of Kentucky became the purchaser at the sale, and had sold the same land to Foster, the other defendant.
The Judge of the Warren Circuit Court being unwilling to adjudicate in the case, ordered a change of venue to the Butler Circuit Court. By the last named Court a decree was rendered vacating and annulling the sale, and directing the land to be re-sold. When the cause was heard, the motions on rule and the supplemental bill were taken up together. There is no evidence in the record that the rules had been served, nor was there any service of process on Foster on the supple *68 menf,a] bill, nor any answer filed by the Bank of Kentucky.
The reversal of a judgment or decree does not flffpnt a «alo smrl purchase made ring^he'time the" same was in full force and unreversed..
A prayer^for an judgment or degrantin|nthereof does not have the ding execution ring the time alting6 the'" appeal
The cause, therefore, was not ready for hearing, and the proceedings are irregular and erroneous. There is, however, a radical error in the decree upon the merits, which may as well be noticed at this time.
The doctrine is well settled, that the reversal of a judgment or a decree does not affect a sale and pur- . ‘ r chase made under either, during the time that the iudg- ' O JO ment or decree was in full force and unreversed. The onty ground relied upon- here to vacate the sale is, that when it was made the decree-was not in force, but its effect had been suspended lor forty days, being the time allowed for the execution of the appeal bond.
Unless, therefore, the order granting the appeal and giving time to execute the appeal bond, had the effect ascribed to it, and suspended the execution of the decree until the expiration of the time, this case falls within the general rule upon the subject, and the subsequent reversal of the decree does not authorize the'order vacating the sale.
In the case of Freeman & Ewell vs Patton, (1 J. J. Marshall, 193,) it was decided that it was not illegal to issue an execution on a judgment on which an appeal had been prayed and granted, before the time had expired which was allowed the defendant to enter into an appeal bond. That granting the appeal did not, ipso facto, suspend the judgment, or prevent any proceeding for its enforcement.
Granting an appeal from a decree has no greater effeet than granting one from a judgment. The decree is not suspended by it, unless so ordered by the Court, ^ut remains in full force; any proceeding, under it, for its execution being liable, however, to be arrested by the execution oí the bond. The party praying an. apPeal has it in his power, at any time within the given Per‘0(b to suspend the force of the decree by entering into a bond as required. If the opposite party should, in the mean time, attempt its enforcement, he will be *69 subjected to all the cost that may be incurred, in the event that the bond be executed.
Grider and Helm for plaintiff; B. fy A. Monroe for defendant.
There was no order, in this case, suspending the decree, but merely an order granting an appeal upon the execution of an appeal bond in forty days. The operation of the decree, therefore, had not been suspended when the sale was made under it, and its subsequent revei'sal did not affect the validity of the sale. The decree of the Court below on this point is, therefore, erroneous.
Vanmeter is no doubt entitled to the proceeds of the sale of the land, to the extent of his demands. But the mortgagees being the persons who, by the decree of the Court, were to receive the benefit of the sale money, and being ultimately liable for it, are necessary parties to any proceeding instituted by him for the purpose of obtaining it.
Wherefore, the decree is reversed and cause remanded for further proceedings, in conformity with this opinion.